Filed 7/3/13  Circle K Stores v. City of San Buenaventura CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| CIRCLE K STORES, INC.,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CITY OF SAN BUENAVENTURA,<br><br>    Defendant and Respondent. | 2d Civil No. B243543<br>(Super. Ct. No. 56-2011-00397075-<br>CU-WM-VTA)<br>(Ventura County) |

Circle K Stores, Inc. (Circle K) appeals the denial of its petition for a writ of administrative mandate (Code Civ. Proc., § 1094.5) seeking to compel the City of San Buenaventura (the City) to set aside its revocation of a permit for the sale of alcoholic beverages.  Circle K contends the revocation was in violation of the City's municipal code and was based on incorrect legal advice given by City staff.  We affirm.

## FACTS AND PROCEDURAL HISTORY

Circle K owns and operates four convenience stores in the City, one of which is located at 3506 East Main Street (the store).  Since at least July of 1994, Circle K has been licensed by the California Department of Alcoholic Beverage Control (ABC) to sell alcoholic beverages at the store.  In January of 2006, the City issued Circle K a "deemed approved" permit (permit) for the sale of alcoholic beverages.  The permit was renewed every year until the subject revocation in May of 2011.

The permit was issued by operation of law pursuant to Chapter 24.460 of the San Buenaventura Municipal Code (SBMC), which was enacted in October 2005. The law provides that all establishments already operating under a valid ABC license were entitled to a conditional use permit allowing them to continue selling alcoholic beverages, subject to certain standards. (SBMC, § 24.460.310.)[1] Those standards include requirements that the establishment operate in strict compliance with the Alcoholic Beverage Control Act (ABCA) (Bus. & Prof. Code, § 23000 et seq.), and correct any conditions deemed to be nuisances. (§ 24.460.410.) The ordinance also provides that the permit may be revoked or modified for sufficient cause as provided in section 24.570.100.

On March 11, 2005, July 6, 2007, and May 6, 2010, the Ventura Police Department conducted minor decoy operations at the store in conjunction with City Alcohol Enforcement Officer Derek Donswyk. On each occasion, a Circle K employee sold beer to the minor decoy. All three employees were cited and later convicted of selling alcohol to a minor (Bus. & Prof. Code, § 25658, subd. (a).) Officer Donswyk left his business card with Circle K's store manager after each incident and urged management to contact him to discuss the actions it might take to avoid any further violations. No one from Circle K ever contacted the officer.

On July 21, 2010, the City sent a memorandum letter notifying Circle K of its intent to revoke the permit based on the minor decoy operations. The letter notified Circle K that its "deemed approved status" would be reviewed by the City's Planning Commission at a public hearing to be held in City Council Chambers on August 31, 2010. The letter further indicated that Circle K's deemed approved status could be revoked at that time, which would require Circle K to apply for a new conditional use permit through the planning commission in order to continue selling alcoholic beverages. Circle K was also notified it could instead apply for a conditional use permit through the City's planning division.

---

[1] All further undesignated code references are to the SBMC.

In the weeks prior to the scheduled hearing, the parties engaged in extensive written and oral communication regarding a possible modification of the permit in lieu of revocation. The City proposed adding conditions that Circle K refrain from offering any single sales of beer or malt liquor, place locking devices on the store's beer coolers, and install digital security cameras.[2] The City also proposed a requirement that all store employees undergo ABC training. Circle K offered a counterproposal of conditions that would apply to all four of its stores in Ventura. Those conditions did not, however, include any provisions that Circle K refrain from offering single sales of beer or installing locks on the store's beer coolers.

When the matter was called for hearing, a 60-day continuance was granted at the parties' request based on their representation that they were working toward a resolution. During the continued negotiations, the City informed Circle K's attorney that City staff could only support a modification of the permit in lieu of revocation if the conditions included a prohibition on single sales of both beer and malt liquor and the installation of locking devices on all beer cooler doors. Circle K offered that it was prepared to accept the condition that it place locking devices on the beer cooler doors if the City agreed to accept the less-restrictive condition that Circle K merely refrain from selling single cans of beer in containers of 16 ounces or less that are normally sold in multi-package containers.

There were no further communications between the parties prior to the continued planning commission hearing. At that hearing, the parties reported that they had been unable to agree on a modification of the permit, specifically with regard to the single sales of beer. In response to questioning from the commissioners, Officer Donswyk and the City attorney stated that any conditions included in a modification of the permit would only be enforceable through a subsequent revocation proceeding.

---

[2] The conditions in addition to ABC training were prompted by evidence indicating that a highly disproportionate amount of police resources were expended in responding to service calls from the store regarding thefts of beer and disturbances involving intoxicated individuals.

The planning commission ultimately adopted a resolution revoking Circle K's permit. The planning commission found that Circle K had failed to operate the store in strict compliance with the ABCA by selling alcohol to minors in violation of section 25658, subdivision (a) of the Business and Professions Code. The planning commission further found that "Circle K requires a disproportionate amount of police resources in order to mitigate incidents requiring a law enforcement response -- over the 12 month period ending July, 2010, the Ventura Police Department responded to 48 calls for service to Circle K; of those 48 calls, 19 were thefts of beer ('beer runs') and 29 were disturbances involving intoxicated subjects, panhandlers and fights. This is detrimental to the public safety and constitutes a nuisance."

In its appeal to the City Council, Circle K contended among other things that the City and planning commission had acted in violation of Circle K's due process rights. Circle K asked the City Council to reverse the decision and permit modification of the permit with several additional conditions, none of which would have required Circle K to refrain from selling single cans of beer in any size or to keep the beer cooler doors locked at all times. Prior to the scheduled evidentiary hearing, Circle K offered that it was willing to lock the store's beer coolers from 2:00 a.m. to 6:00 a.m.

Following an evidentiary hearing, the City Council adopted a resolution revoking the permit. In independently deciding whether to revoke the permit rather than modify it, the City Council found "there is little factual basis for believing Circle K's representations that it will change its business practices to eliminate the sale of alcohol to minors, and the City Council expressly finds that Circle K's testimony and evidence in this regard are not credible. Circle K has repeatedly demonstrated that it is neither willing nor capable of responsibly managing alcohol sales at its 3506 E. Main Street location. This track record provides ample factual support for the City Council's decision to revoke rather than modify the deemed-approved permit. The City Council recognizes that Circle K may ultimately develop and propose management systems to address the problems specific to this location, and accordingly this finding and conclusion is without

4

prejudice to Circle K's ability to apply for an appropriately conditioned new alcoholic beverage establishment conditional use permit pursuant to the City's municipal code."

In rejecting Circle K's claim that it was denied a fair hearing, the City Council found no merit in the argument that the City was required to issue a "notice of violation" as referenced in section 24.460.660. The City Council further found that Circle K was in any event provided sufficient notice of the revocation proceedings. The City Council also rejected the claim that the planning commission's decision was based on erroneous legal advice that the permit could not be modified because the City attorney corrected planning staff's remarks to that effect and "any prejudice was mitigated by virtue of the appeal to the City Council, and the clear acknowledgment by the City Council of its authority to modify the deemed approved permit should it so desire."

Circle K then filed a petition for a writ of mandate under Code of Civil Procedure section 1094.5. Circle K also applied for a stay to prevent the City from enforcing the resolution to revoke the permit. Following a hearing, the application was denied on the court's findings that (1) any further stay of the resolution would be against the public interest; and (2) Circle K had failed to establish a probability of prevailing on the merits of its writ petition.

After Circle K filed an amended petition, the court proceeded to hear the matter on the merits based on the parties' briefing and the administrative record. In its ruling, the court declined to decide whether the City was required to issue a formal "notice of violation" because "[e]ven accepting Circle K's interpretation, the court finds that the police department's actions substantially complied with the requirements of SBMC section 24.460.640."

In rejecting Circle K's claim that it did not receive a fair hearing because City staff gave the planning commission incorrect legal advice regarding the enforceability of the conditions of a modified permit, the court reasoned: "While it may be true that an erroneous interpretation of the ordinance was advanced on behalf of the City at the hearing before the Planning Commission, Circle K appealed the Planning Commission's determination to the City Council. The City Council's determination

5

superceded [*sic*] that of the Planning Commission. [¶] The City Council was not misled. Circle K alerted the City Council to its objection to the disputed advice, and the City Council acknowledged Circle K's contention in its resolution revoking the use permit. . . . The resolution contains the City Council's 'clear acknowledgment . . . of its authority to modify the deemed approved permit should it so desire.' [Citation.] However, it did not. It expressly considered whether a modification of the permit terms was warranted, and found it was not because Circle K had engaged in the illegal sale of an alcoholic beverage to an underage person and, further, that Circle K had a 'history of repeat violations and the maintenance of nuisance conditions.' [Citation.] Thus, the City Council conducted its *de novo* review with a full awareness of the bad advice given to the Planning Commission and a correct understanding of its authority." The court proceeded to deny the petition for a writ of mandate, and judgment was entered accordingly.

## DISCUSSION

Circle K contends its petition for a writ of mandate should have been granted because the City revoked its permit in violation of Circle K's rights to due process and a fair hearing. Circle K claims the City violated its own municipal code by failing to issue a "notice of violation" under section 24.460.660. Circle K further argues it was denied a fair hearing because the revocation was based on erroneous legal advice given by City staff. Neither claim has merit.

"A trial court may issue a writ of administrative mandate where an agency has (1) acted in excess of its jurisdiction, (2) deprived the petitioner of a fair hearing, or (3) committed a prejudicial abuse of discretion. (Code Civ. Proc., § 1094.5, subd. (b).) 'Abuse of discretion is established if the [agency] has not proceeded in a manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence.' (*Ibid.*)" (*Clark v. City of Hermosa Beach* (1996) 48 Cal.App.4th 1152, 1169 (*Clark*).)

The question whether Circle K was deprived of a fair hearing "is one of law, which we review de novo: '"There might be foundational matters of fact with respect to which the trial court's findings would be conclusive on appeal if supported by

6

substantial evidence. However, the ultimate questions, whether the agency's decision was . . . unlawful or procedurally unfair, are essentially questions of law. With respect to these questions the trial and appellate courts perform essentially the same function, and the conclusions of the trial court are not conclusive on appeal." . . . The review of procedural issues, whether presented in mandamus proceedings brought under Code of Civil Procedure section 1085 or 1094.5, should be the same. That is, foundational factual findings must be sustained if supported by substantial evidence; however, the ultimate determination of whether the administrative proceedings were fundamentally fair is a question of law to be decided on appeal.' [Citations.] The trial court's 'fair hearing finding was a conclusion of law, not a finding of fact, and requires a de novo review of the administrative record.' [Citation.]" (*Clark, supra*, 48 Cal.App.4th at pp. 1169-1170, fn. omitted.)

Circle K asserts that the City was required to issue a "notice of violation" under section 24.460.660,[3] prior to initiating revocation proceedings. The City Council concluded that section 24.460.660 does not apply where, as here, the City is contemplating revocation of a permit to sell alcoholic beverages under section 24.460.640. Rather, such actions are governed by section 24.570.100, which provides that a permit may be revoked upon a finding (1) "That one or more of the conditions imposed on the granting of such permit have not been complied with;" or (2) "That the use or development for which the permit was granted is being conducted, operated, or maintained in a manner detrimental to the public health or safety or in a manner that otherwise constitutes a nuisance." The City Council further found that Circle K had in any event been provided sufficient notice of the revocation proceedings.

---

[3] SBMC section 24.460.660 states: "Where the police department determines that an alcoholic beverage establishment is being operated in violation of the provisions of this chapter including, but not limited to, any of the requirements and conditions of the use permit issued to such establishment in the manner provided by this chapter or chapter 24.520 of this division, the department shall cause a notice of violation to be issued to the permittee that describes the nature of the violation, the corrective action to be taken, and the time within the correcting action must be completed. However the issuance of a notice of violation shall not be a condition precedent to the assessment of a civil penal or a criminal prosecution as provided for by this article."

7

There was no error in these findings. We must give "considerable deference" to the City's interpretation of its own ordinances, particularly those involving issues of notice. (*TG Oceanside, L.P. v. City of Oceanside* (2007) 156 Cal.App.4th 1355, 1371; *Citizens for Responsible Equitable Environmental Development v. City of San Diego* (2010) 184 Cal.App.4th 1032, 1047.) Even if the City was required to issue a "notice of violation" under section 24.460.660, we agree with the trial court that the City effectively provided such notice here. Circle K was informed that it had violated the conditions of its permit by selling alcohol to a minor. Moreover, Circle K was offered a solution that would have avoided revocation proceedings altogether. Circle K, however, chose to reject that solution. Under the circumstances, Circle K cannot be heard to complain that it did not receive a formal "notice of violation" under section 24.460.660.

Circle K also fails to demonstrate the decision to revoke the permit was based on an error of law. Even if City staff erred in advising the planning commission that the conditions of a modified permit would be unenforceable absent new revocation proceedings, the planning commission's decision to revoke the permit rather than modify it was superseded by the City Council's de novo review. (§ 24.565.060.) Whether the City Council relied on the same erroneous advice is of no moment because it is apparent that the advice played no part in its decision to revoke rather than modify the permit. Rather, the City Council expressly relied on a finding that Circle K was "neither willing nor capable of responsibly managing alcohol sales at its 3506 E. Main Street location." Circle K's claim that it was denied a fair hearing accordingly fails.

The judgment is affirmed. Costs are awarded to the City.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.

YEGAN, J.

8

Mark S. Borrell, Judge

Superior Court County of Ventura

————————————————

Solomon, Saltsman & Jamieson, R. Bruce Evans, Ryan M. Kroll, D. Andrew Quigley for Appellant.

Ariel Pierre Calonne, City Attorney, Jennifer Lee, Assistant City Attorney, for Respondent.